[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the judicial district of Waterbury. Many of the facts that give rise to this action are not in dispute. The plaintiff whose maiden name is Carol Batick and the defendant were married in on March 3, 1995 in Watertown, Connecticut. Both parties have resided continuously in the State of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are no minor children issue of this marriage and no minor children have been born to the plaintiff wife since the date of marriage of the parties. Neither party has received state assistance.
The parties separated in approximately July of 2001. The parties are in dispute as to the cause of the breakdown of the marriage. From the evidence presented the court finds that the defendant is the sole cause of the breakdown of the marriage.
This is the fifth marriage for the plaintiff. The plaintiff graduated High School and has completed one year of college. The plaintiff's one year of college involved her attending hair dressing school. The defendant paid for the plaintiff's cost to attend hairdressing school at a cost of approximately $2000 as well as paying for about $600 for supplies for her. She presently holds two licenses; one a hairdressing license and the second a license to open her own salon. She also has taken some nutritional courses in 1979. She suffers from peripheral neuropathy. She was diagnosed with peripheral neuropathy in 1995. It affects her hands, wrists, toes and fingertips. She has been receiving social security disability since April, 1996, due to her peripheral neuropathy. In approximately June 25, 2002, she was diagnosed with cancer. She was on radiation for five days a week and chemotherapy for a combined total for approximately five weeks. She has some back problems arising out of a motor vehicle accident that occurred on December 31, 1998, when she was hit head-on by an oncoming vehicle. She has had two CT Page 13445 back surgeries. One surgery was on August 1, 2000, as a result of receiving a herniated disk. She had a second surgery on February 15, 2001, as a result of having another ruptured herniated disk. She has problems with standing and walking and bending due to her car accident. She has not received any medical treatment from her car accident since February, 2001. She has not been employed since 2000 except for having worked for approximately four weeks during the summer of 2001 consisting of approximately three to four hours daily two days a week. She was also able to work in January, 2002, driving handicapped children to school. That job started out at two hours per day and then increased to four hours per day for five days per week. She stopped that employment because it interfered with her taking insulin for her diabetes. She commenced taking insulin in August of 2001. Under the school bus driver rules, she has to have been on insulin for five years in order to be able to drive. The school bus driving job lasted approximately three months. She has not had any employment since April, 2002. The plaintiff is presently covered under the defendant's Cigna and under medicare. Medicare pays 80 percent of her hospitalization costs. She seeks to have COBRA coverage under his Cigna plan due to her health problems, for three years.
The plaintiff is unemployed. She receives social security disability in the amount of $105.81 weekly. She has weekly expenses totaling $703. She has liabilities consisting of an arrearage to a landlord for rent with a balance of $2055, Visa Gold with a balance of $1000, Chrysler Financing with a balance of $371, and John Nygren with a balance of $3000 for a total of $6426. She owns a 1997 Chrysler with a value of $13000, a loan balance of $12500, and an equity of $500. The plaintiff bought this vehicle approximately three years ago. Title is in her name only and the loan is in her name only. She also owns a 1972 Chevrolet Camper with a value of $1000. The camper was purchased approximately three years ago at a cost of $3800. The plaintiff paid for it from her social security funds. She owns miscellaneous household furnishings with a value of $500, family antiques with a value of $1000 and what she categorizes as misappropriated jewelry with a value of $7500. The court finds that the plaintiff has failed to prove this claim. She has a checking account at the Naugatuck Valley Savings Loan with a balance of $600. She owns 28 shares of Prudential stock with a value of $1000. The plaintiff bought her Prudential stock in April, 2001. It is in her name only. She also has a pending lawsuit with an unknown value.
This is the third marriage for the defendant. The defendant is a physician and has completed eight years of college. The defendant graduated medical school in 1990 and has practiced as a physician since that year. He was hired by Concentra in the calendar year 2001. He presently works approximately 50 hours per week for Concentra for which he CT Page 13446 is paid a gross weekly income of $2692.
He is also employed part-time by the Naugatuck Valley Community Technical College as a consultant with a gross monthly income of $400. He is also employed inspecting a number of tatoo salons with an average grossly weekly income of $60. His net weekly income from all of those sources after deduction for federal income tax, state income tax, social security and Medicare tax is $1935. He has weekly expenses totaling $1478. He has liabilities totaling $5100 consisting of First Consumers with a balance of $3100, Capitol One Mastercard with a balance of $1500 and Capitol One Visa with a balance of $500. He owns a home at 10 Brookview, Watertown, Connecticut with a fair market value of $150000 and a mortgage balance of $80000 and an equity of $70000. He purchased that home prior to his marriage to the plaintiff. He owns a 1993 Cadillac with a value of $500 and a 1990 Dodge with no value. He has bank accounts at the First Union savings with a balance of $247, American Bank savings with a balance of $1161, and American Bank checking with a balance of $3600 for a total of $5008. He has life insurance through Prudential in the face amount of $100000. He has a 401k plan through Concentra with a value of $3015.
This court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provisions of § 46b-81 (c) regarding the issues of property division, and has considered the provisions of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
 ORDERS
A. By Way of Dissolution
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. By Way of Alimony
1. The defendant is to cooperate for the plaintiff to obtain COBRA coverage under his health insurance. The plaintiff is solely responsible for the cost of such coverage.
2. No periodic alimony is awarded in favor of either party.
3. The defendant is to pay to the plaintiff as lump sum alimony the sum of $45000. The $45000 is to be paid without interest as follows: CT Page 13447
A. $15000 on February 15, 2003;
B. $15000 on February 15, 2004; and
C. $15000 on February 15, 2005.
In the event any of the payments are not made within ten (10) days of the due date, then the full unpaid balance will immediately become due and payable and will carry interest at the rate of eight percent (8%) per annum.
4. The defendant is to name the plaintiff as beneficiary on his policies with Prudential in the face amount of $45000. Said $45000 may be reduced by $15000 when each $15000 payment has been made. When the full $45000 lump sum alimony has been paid, the defendant no longer has the obligation to name the plaintiff as beneficiary on his life insurance.
5. The defendant is to name the plaintiff as beneficiary on his policy through Prudential in the face amount of $100000 for so long as he has an obligation to pay alimony to her.
C. By Way of Property Orders
1. All the defendant's interest in his home at 10 Brookview, Watertown, Connecticut is awarded to the defendant.
2. All of the liabilities shown on the defendant's financial affidavit are to be paid by the defendant. He is to hold the plaintiff harmless therefrom.
3. The two motor vehicles shown on the defendant's financial affidavit are awarded to the defendant.
4. All of the bank accounts shown on the defendant's financial affidavit are awarded to the defendant.
5. The 401k plan shown on the defendant's financial affidavit is awarded to the defendant.
6. All of the liabilities shown on the plaintiff's financial affidavit are to be paid by the plaintiff. She is to hold the defendant harmless therefrom
7. The 1997 Chrysler and 1972 Chevrolet Camper shown on the plaintiff's financial affidavit are' both awarded to the plaintiff. The plaintiff is CT Page 13448 solely responsible for paying the loan balance due on the 1997 Chrysler and she is hold the defendant harmless therefrom.
8. All of the household furnishings, family antiques and jewelry in the possession of the plaintiff is awarded to the plaintiff.
9. All of the household furnishings, family antiques and jewelry in the possession of the defendant is awarded to the defendant.
10. The Naugatuck Valley Savings checking account shown on the plaintiff's financial affidavit is awarded to the plaintiff.
11. The Prudential stock shown on the plaintiff's financial affidavit is awarded to the plaintiff.
12. All of the plaintiff's interest in her pending lawsuit is awarded to the plaintiff.
D. By Way of Attorney's Fees
1. No attorneys fees are awarded in favor of either party.
E. Miscellaneous Orders
1. Counsel for the plaintiff is to prepare the judgment file within thirty days and send it to counsel for the defendant for signature and filing.
2. The plaintiff is restored her maiden name of Carol Batick.
3. Any arrearages on the existing pendente lite order are not merged into the judgment. As of the last day of trial the defendant was in arrears for one week of the existing pendente lite alimony order of $475 weekly.
4. These orders are entered in full satisfaction of any malpractice claim that the plaintiff may have against the defendant, as well as any claim that she may have against him regarding her jewelry. They also are entered in full satisfaction of any claim that the defendant may have against the plaintiff regarding the plaintiff endorsing checks made out to him.
5. All of the plaintiff's interest in her pending lawsuit is awarded to the plaintiff. ___________________, J. AXELROD CT Page 13449
[EDITORS' NOTE: This page is blank.] CT Page 13450